# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTINA ANTONIO,<br>    Plaintiff,<br><br>    v.<br><br>PHYSICIANS FOR HEALTHY HOSPITALS, INC. et al.,<br>    Defendants. | EDCV 19-882 DSF (KKx)<br><br>Order DENYING Plaintiff's Motion to Remand (Dkt. 13) and GRANTING Defendant's Motion to Dismiss (Dkt. 15) |

## A.  Plaintiff's Motion to Remand (Dkt. 13)

Defendant Physicians for Healthy Hospitals, Inc.[1] removed this state-law employment case based on preemption under Section 301 of the Labor Management Relations Act (LMRA). Defendant claims that jurisdiction is proper due to the need to interpret the collective bargaining agreements (CBAs) that cover Plaintiff's employment. Plaintiff Cristina Antonio moves to remand. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15.

LMRA preemption is analyzed using a two-part test. First, the court asks "whether a particular right inheres in state law or, instead, is grounded in a CBA." Matson v. United Parcel Serv.,

---

[1] Defendant does business in the State of California as Hemet Valley Medical Center and is therefore the sole named defendant. Dkt. 1 (Notice of Removal). P.2, fn. 1.

Inc., 840 F.3d 1126, 1132 (9th Cir. 2016) (quoting Burnside v. Kiewit Pac. Corp., 491 F.3d 1053, 1060 (9th Cir. 2007)). If the claim is founded directly on rights created by a CBA, preemption is warranted. Caterpillar Inc. v. Williams, 482 U.S. 386, 394 (1987).

Defendant argues that the right at issue here—a right to overtime—is grounded in the CBAs, not in state law. Under California Labor Code § 514, the Labor Code's ordinary overtime protections, see Cal. Lab. Code § 510, do not apply to an employee covered by a valid collective bargaining agreement, provided the agreement (1) expressly provides for the wages, hours of work, and working conditions of the employees; (2) provides premium wage rates for all overtime hours worked; and (3) provides a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage. Here, both relevant CBAs meet the requirements of Labor Code § 514. Notice of Removal, ¶¶ 11-14, Ex. B.

Because Plaintiff's right to overtime pay exists solely by virtue of the CBAs, her overtime claim is preempted by Section 301. See Curtis v. Irwin Indus., Inc., 913 F.3d 1146, 1153-54 (9th Cir. 2019).

The Court has subject matter jurisdiction. Plaintiff's motion to remand is DENIED.

## B. Defendant's Motion to Dismiss (Dkt. 15)

Defendant's motion to dismiss was noticed for a hearing on July 8, 2019. Opposition was due June 17. No opposition has yet been filed. The Court deems the lack of opposition to be consent to the motion. L.R. 7-12; see also Ghazali v. Moran, 46 F.3d 52 (9th Cir. 1995); Brydges v. Lewis, 18 F.3d 651, 652 (9th Cir. 1994).

Plaintiff's Second Amended Complaint is DISMISSED without prejudice.

    IT IS SO ORDERED.

Date: July 15, 2019

                                      Dale S. Fischer
                                      United States District Judge